UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                         )
AREF YOUSEFI,                                            )
                                                         )   No. C13-1632RSL
                          Plaintiff,                     )
            v.                                           )   ORDER DENYING MOTION TO
                                                         )   COMPEL
DELTA ELECTRIC MOTORS, INC., *et al.*,                   )
                                                         )
                          Defendants.                    )
_____)

   This matter comes before the Court on plaintiff's "Motion to Compel Discovery." Dkt. # 10. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

   (1)   The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) are imposed for the benefit of both the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, it is absolutely clear that the motion to compel was filed prematurely as to both the privilege log and Interrogatory No. 4.

   Defendant agreed to produce a privilege log within ten days of the parties' meet and confer. Decl. of Kathleen Phair Barnard (Dkt. # 11), Ex. D at 62. For some reason, plaintiff

---

[1] The Court has considered defendant's opposition.

ORDER DENYING MOTION TO COMPEL

was not satisfied with that production date and insisted that the privilege log be produced on December 19th, rather than December 20th. Plaintiff's intransigence on this issue is inexplicable: the discovery cut off remains months away and there is no indication that the exact date of production was of any moment. It appears that plaintiff's counsel filed the motion to compel not because the parties had reached an impasse, but because she was apprehensive that defendant would not produce the privilege log on December 20th as promised. This is hardly a genuine disagreement and does not justify forcing defendant and the Court to expend time and resources on what was, in essence, a non-issue.

With regards to Interrogatory No. 4, plaintiff made two attempts to revise the inquiry in response to defendant's objections. Upon receipt of plaintiff's second effort on December 12, 2013, defendant identified the problems it would have in responding to the revised interrogatory. Defendant did not rely on a list of boilerplate objections and instead attempted to explain why the request was vague, overbroad, and irrelevant. Defendant also informed plaintiff that no other claims of harassment or discrimination had ever been filed against it and expressed its willingness to consider additional limitations that would overcome its objections. Decl. of Kathleen Phair Barnard (Dkt. # 11), Ex. D at 62. Despite the fact that defendant was willing to engage in further dialogue in an effort to reach an appropriate balance between the practical difficulties that would arise in responding to plaintiff's revised interrogatory and plaintiff's interest in the information sought, plaintiff made no response and filed this motion, as threatened, on December 19th.

Because there was no actual disagreement with regards to the privilege log and because plaintiff failed to confer to an impasse regarding the appropriate scope of Interrogatory No. 4, the motion to compel is DENIED for failure to comply with Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1).

(2) If the Court were to consider the merits of defendant's objections to Interrogatory No. 4, those objections would be upheld and the motion to compel would be denied. Plaintiff

demands that defendant identify every derogatory comment, written or verbal, ever made by an employee, supervisor, or manager of Delta Electric Motors that relates to a characteristic protected under Title VII. Decl. of Kathleen Phair Barnard (Dkt. # 11), Ex. D at 64.  The request is not limited as to time, persons, or situation.  A derogatory joke told eight years ago by a Delta Electric Motors employee to his neighbor at a backyard picnic would be responsive as the interrogatory is currently written.  Nor does the inquiry seek only those comments about which defendant knows, such as those which have given rise to a complaint or claim of some kind.  The inquiry would essentially require defendant to ask every employee, supervisor, and manager whether they had ever, in any context, made a derogatory comment regarding race, color, religion, sex, or national origin or whether they had ever heard such a derogatory comment made by another employee, supervisor, or manager of defendant.  While plaintiff might like the opportunity to uncover any and all hidden currents of discrimination flowing through the workplace, the Interrogatory is little more than a fishing expedition only tangentially related to plaintiff's situation and the claims he has asserted.  While a more narrow inquiry might be justified, Interrogatory No. 4 is unduly burdensome in relation to its relevance.

(3)  Pursuant to 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Similarly, Fed. R. Civ. P. 37(a)(5)(B) also allows an award of fees when a motion to compel is filed without substantial justification.  Although defendant has not requested an award of fees, the Court has considered the application of both the statute and the Rule in the circumstances presented here.  Out of respect for counsel and her firm, the Court will give them the benefit of the doubt and presume that the intransigence that led to the filing of this motion was an aberration that will not be repeated.

ORDER DENYING MOTION TO COMPEL            -3-

1    For all of the foregoing reasons, plaintiff's motion to compel is DENIED.   .

3    Dated this 3rd day of March, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge