UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
AREF YOUSEFI,                             )
                                          )   No. C13-1632RSL
                    Plaintiff,            )
         v.                               )   ORDER GRANTING IN PART
                                          )   DEFENDANTS' MOTION FOR
DELTA ELECTRIC MOTORS, INC., *et al.*,    )   PARTIAL SUMMARY JUDGMENT
                                          )
                    Defendants.           )
_____)

This matter comes before the Court on "Defendants' Motion for Partial Summary Judgment." Dkt. # 25. Plaintiff alleges that his employer, Delta Electric Motors, Inc., and its individual officers and supervisors harassed and discriminated against him because of his race, national origin, and religion. All defendants seek dismissal of plaintiff's claim of conspiracy under 42 U.S.C. § 1985 and his common law claim for outrage. Josephine DiPietro, Michael DiPietro, and Joseph DiPietro seek dismissal of all claims against them on the ground that plaintiff has failed to produce evidence that they engaged in harassing or discriminatory conduct.

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The moving party "bears the initial responsibility of informing the district court of the basis for its motion."

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It need not "produce evidence showing the absence of a genuine issue of material fact" but instead may discharge its burden under Rule 56 by "pointing out ... that there is an absence of evidence to support the nonmoving party's case." Id. at 325.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Id. at 324.  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:"  the opposing party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party." In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (internal citations omitted).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and heard the arguments of counsel, the Court finds as follows:

**(1) Title VII Claim Against Individuals**

Plaintiff concedes that his Title VII claim against the individual defendants must be dismissed. See Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587 (9th Cir. 1993); Ellorin v. Applied Finishing, Inc., __ F. Supp.2d __, 2014 WL 498969, at * 5 (W.D. Wash. Feb. 7, 2014).

---

[1] Defendants' objections to the evidence offered by plaintiff are extensive and will not be individually addressed here.  Hearsay evidence, such as plaintiff's out-of-court, unsworn statements, has not been considered for the truth of the matters asserted therein unless an exception to the hearsay rule applies.  Some of the statements to which defendants object on hearsay grounds or for lack of foundation have been considered to the extent they are based on the declarant's personal knowledge (e.g., Mr. Galusha's statement that plaintiff and his brothers complained to him about discrimination and harassment) or there is reason to believe that a proper foundation could be laid (e.g., Ms. Vacca's occasional use of the word "probably" was often clarified through further questioning).  Speculative statements based on nothing more than an unsupported "belief" or "understanding" (e.g., Mr. Galusha's statement regarding Mr. D'Ambrosio's pay structure) have been discounted completely.

### (2) Section 1985(3) Claim Against All Defendants

Defendants argue that plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) fails as a matter of law because plaintiff has not alleged state action. Section 1985(3) "reaches not only conspiracies under color of state law, but also purely private conspiracies." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993). The statute is, after all, a section of the Ku Klux Klan Act of 1871 and was enacted to provide a remedy for that organization's private efforts to "attack the equality of rights of American citizens." Cong. Globe, 42d Cong., 1st Sess., App. 478 (1871). In order to assert a claim under § 1985(3), plaintiff must show "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Bhd. of Carpenters and Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29 (1983). There is no requirement that plaintiff first prove a violation of § 1983 against a state actor. In Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 930 (9th Cir. 2004), the case on which defendants rely, the defendants included at least one state actor, and plaintiff had asserted claims under both § 1983 and § 1985(3). When Olsen was unable to establish that defendants had caused a deprivation of a constitutionally protected right for purposes of the § 1983 claim, her conspiracy claim also failed. It was the failure to establish an element that was necessary to both claims that doomed Olsen's § 1985(3) claim, not the absence of a state actor. See also Cassettari v. Nev. County, 824 F.2d 735, 739-40 (9th Cir. 1987).

Plaintiff alleges that defendants conspired to deprive plaintiff of "the full and equal benefit of all laws and proceedings for the security of persons and property" because of his race, in violation of 42 U.S.C. § 1981. Defendants, relying on Brown v. Philip Morris, Inc., 250 F.3d 789 (3d Cir. 2001), argue that a violation of § 1981 cannot form the basis for a claim under § 1985(3). While it is evident that the Brown court believed that only conspiracies which

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT  -3-

threatened an individual's rights to interstate commerce or to be free from involuntary servitude could support a § 1985(3) claim, it specifically declined to "resolve the question whether violations of §§ 1981 and 1982 can support a § 1985(3) claim . . . ." 250 F.3d at 805-06. Whatever limitations the Third Circuit might impose on a § 1985(3) claim, the Ninth Circuit has found that the statute has been "liberated from the now anachronistic historical circumstances of reconstruction America" and protects against an array of statutory violations, including discrimination on the basis of sex and the deprivation of rights conferred by state law. Canlis v. San Joaquin Sheriff's Posse Comitatus, 641 F.2d 711, 720 (9th Cir. 1981); Life Ins. Co. of N. Am. v. Reichardt, 591 F.2d 499, 505 (9th Cir. 1979). Because plaintiff has alleged "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action . . . and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment" (Bray, 506 U.S. at 267-68), his § 1985(3) claim may proceed.

**(3)  Outrage Claim Against All Defendants**

While plaintiff undoubtedly has the right to assert claims in the alternative at the pleading stage, defendants challenge the viability of his intentional infliction of emotional distress claim under Francom v. Costco Wholesale Corp., 98 Wn. App. 845, 864-65 (2000), which held that if the sole basis for an emotional distress claim is the discriminatory conduct that forms the basis of the state discrimination claim, the claim is duplicative and should be dismissed. In response, plaintiff fails to appreciate that we are now at the summary judgment stage and identifies no non-discriminatory conduct that caused separate emotional injuries and no theory upon which he could be compensated for his emotional distress if he were unable to establish his discrimination claim. Here, as in Francom, plaintiff's "separate claim for emotional distress arises directly from [defendants'] harassment, which [he alleges] was discriminatory. The claim thus is duplicative." Defendants' motion for summary judgment on the outrage claim is granted.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT           -4-

**(4)  Claims Against Individual Defendants Under the Washington Law Against Discrimination ("WLAD")**

The WLAD makes it an unfair practice for an employer "to discriminate against any person in compensation or in other terms and conditions of employment because of age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a disabled person . . . ." RCW 49.60.180(3).  Under the WLAD, a person "acting in the interest of an employer, directly or indirectly," such as a corporate officer or a supervisor, can be liable as an "employer." RCW 49.60.040(11).  This interpretation of the act is justified by its overarching purpose, which is "to deter and to eradicate discrimination in Washington." Marquis v. City of Spokane, 130 Wn.2d 97, 109 (1996).

> Both supervisors and employers are potentially liable for violations under chapter 49.60 RCW. Employer liability is not based upon independent fault, but upon the theory of respondeat superior. Under this theory, we hold employers liable for social and economic policy reasons such as the employer's authority over the employee and the employer's deep pocket, not because they are directly at fault. . . . The theory of respondeat superior does not take into consideration the fault of the employer. Yet, it does not have the effect of eradicating all fault. Fault still exists on the part of the actual wrongdoer. While the employer is liable for social and economic reasons, the supervisor remains liable for his or her own wrongful acts. Supervisors are liable when they affirmatively engage in discriminatory conduct. . . . The employer, on the other hand, is liable when any of its employees, who are acting directly or indirectly in its interest, engage in discrimination. . . . This is a policy choice embodied in chapter 49.60 RCW.

Brown v. Scott Paper Worldwide Co., 143 Wn.2d 349, 360 (2001) (internal citations omitted). In addition, any person who aids, abets, encourages, or incites an unfair practice under the WLAD has himself engaged in an unfair practice under the act.  RCW 49.60.220.  Thus, supervisors are not only personally accountable for their own acts of discrimination and harassment, but will also be held accountable when they aid another in such unfair practices. Id.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT           -5-

at 360-61.  Mere knowledge of harassing or discriminatory behavior is not sufficient to create liability for aiding and abetting, however.  What is required is proof that the defendant has engaged in actions for the purpose of encouraging or assisting another to discriminate.  Rody v. Hollis, 81 Wn.2d 88, 94-95 (1972).

The Court assumes, for purposes of this motion, that Michael, Joseph, and Josephine DiPietro are officers, managers, and/or supervisors at defendant Delta Electric Motors, Inc., and that their individual discriminatory and/or harassing conduct would (a) give rise to personal liability and (b) be imputed to the employer under the mechanisms discussed in Glasgow v. Georgia-Pacific Corp., 103 Wn.2d 401, 407 (1985).[2]  Plaintiff has not, however, shown that Michael, Joseph, or Josephine affirmatively discriminated against or harassed him. Brown, 143 Wn.2d at 357.  Rather, he argues that these individuals are liable under the WLAD, not for their own conduct,[3] but because they knew or should have known that harassment was occurring and failed to take adequate steps to prevent or correct it.  That analysis is used to impute an employee's acts to the employer, however, not to a co-worker or supervisor.[4]  Intent is the lynchpin of a disparate treatment claim under the WLAD:  plaintiff must establish that the defendant treated him less favorably than others because of his protected characteristics, not

---

[2] See also Davis v. Fred's Appliance, Inc., 171 Wn. App. 348, 362 (2012) ("Harassment is imputed to an employer in one of two ways.  First, it can be imputed to the employer if the harasser is an owner, partner, corporate officer, or manager.  Second, it can be imputed to the employer if the harasser is the plaintiff's supervisor or co-worker [and] the employer authorized, knew, or should have known of the harassment and . . . failed to take reasonably prompt and adequate corrective action.") (internal quotation marks and citations omitted).

[3] Plaintiff cannot assert claims on behalf of is brother and has not shown how a dispute regarding a disciplinary action taken against Maruf Yousefi shows that Michael, Joseph, and Josephine discriminated against or harassed plaintiff.

[4] The employer is liable for the tortious acts of its employees because they are acting in furtherance of the employer's business and within the course and scope of employment when the acts are committed.  Henderson v. Pennwalt Corp., 41 Wn. App. 547, 552 (1985).  The same cannot be said regarding fellow employees, regardless of their position in the company.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT             -6-

simply by accident or through a lack of care.  See Hegwine v. Longview Fibre Co., Inc., 162 Wn.2d 340, 354 n.7 (2007) (disparate treatment claim requires evidence that plaintiff was treated differently because of his race, national origin, or religion); Hines v. Todd Pac. Shipyards Corp., 127 Wn. App. 356, 371 (2005) (plaintiff bears the ultimate burden of proving that discrimination motivated the employer's acts).  Although the WLAD provides an avenue for holding a non-participating employee liable as an aider and abetter, even that provision requires a showing of discriminatory intent.  RCW 49.60.220;   Rody, 81 Wn.2d at 94-95.  Because plaintiff has not presented evidence from which a reasonable fact finder could conclude that Michael, Joseph, and/or Josephine failed to act for the purpose of encouraging Brian Thornton and/or Luigi DiPietro to discriminate, they will not be held individually liable for another's  acts.  Plaintiff's WLAD claims against Michael, Joseph, and Josephine in their personal capacities fail as a matter of law.

### (5) Claims Against Individual Defendants Under 42 U.S.C. § 1981

In order to succeed on his § 1981 claim, plaintiff must establish that defendants acted with a discriminatory intent or purpose.  Gen. Bldg. Contractors Ass'n, Inc. v. Pa., 458 U.S. 375, 391 (1982); Lam v. City and County of San Francisco, 868 F. Supp.2d 928, 951 (N.D. Cal. 2012).  Establishing discriminatory intent is easier under § 1981 than it is under the WLAD, however.  While personal participation in the wrongful conduct is required under both statutes, the definition of "personal participation" under § 1981 is broader in that it includes both "direct participation in the alleged violation" and "gross negligence in the supervision of subordinates who committed the wrongful acts and failure to take action upon receiving information that constitutional violations were occurring."  Patterson v. County of Oneida, 375 F.3d 206, 229 (2nd Cir. 2004).  See also Kaulia v. County of Maui, 504 F. Supp.2d 969, 981 (D. Hawai'i 2007).

There is evidence from which one could reasonably conclude that Michael and Joseph were grossly negligent in the way they responded to plaintiff's complaints regarding

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT            -7-

1  Brian Thornton's harassing behavior.  There is also evidence from which plaintiff can argue that
2  Michael, as an owner and the day-to-day operations manager of the company, had the authority
3  to control Luigi's conduct despite Luigi's role as president of Delta Electric Motors, Inc.
4  Plaintiff has not, however, shown that Josephine was grossly negligent in the supervision of any
5  person who may have been under her authority to control.

7  Defendants' motion for partial summary judgment (Dkt. # 25) is GRANTED in
8  part and DENIED in part.  Plaintiff's Title VII claim against the individual defendants, his
9  outrage claim against all defendants, his WLAD claims against Michael DiPietro, Joseph
10 DiPietro, and Josephine DiPietro, and his § 1981 and § 1985 claims against Josephine DiPietro
11 are DISMISSED.

13  Dated this 4th day of September, 2014.

*[signature]*
Robert S. Lasnik
United States District Judge