1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
AREF YOUSEFI,                           )
                                        )   No. C13-1632RSL
            Plaintiff,                  )
        v.                              )   ORDER GRANTING DEFENDANTS'
                                        )   MOTION FOR SUMMARY
DELTA ELECTRIC MOTORS, INC., *et al.*,  )   JUDGMENT ON ACCOMMODATION
                                        )   CLAIMS
            Defendants.                 )
_____)

This matter comes before the Court on "Defendants' Second Motion for Partial Summary Judgment." Dkt. # 69. Plaintiff alleges that defendants failed to accommodate his religion in violation of Title VII and the Washington Law Against Discrimination ("WLAD").[1] In order to state a cause of action for failure to accommodate, plaintiff must make a *prima facie* showing that "(1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement." Berry v. Dep't of Soc. Servs., 447 F.3d 642, 655 (9th Cir. 2006). Having reviewed the memoranda, declarations, and exhibits submitted by the

---

[1] Plaintiff's Title VII claims against the individual defendants have been dismissed., as have his WLAD claims against Josephine, Michael, and Joseph DiPietro. Dkt. # 73.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
ON ACCOMMODATION CLAIMS

parties,[2] the Court finds that plaintiff is unable to establish the third element of the *prima facie* case and has therefore failed to raise an inference of an unlawful failure to accommodate.[3]

It is undisputed that when plaintiff requested a flexible break schedule so that he could participate in daily prayers during the workday, Michael DiPietro, on behalf of the employer, granted the request. Plaintiff was permitted to take his morning coffee break at any point during the day so that he could complete his ablutions and prayers on the schedule dictated by his religion. Plaintiff did not request, and was not given, additional break time in which to accomplish his religious observances: he was simply given the flexibility to use his 45 minutes of break time whenever it was religiously appropriate. Plaintiff argues, however, that the accommodation was somehow invalidated or otherwise made ineffective – *i.e.,* that there was a failure to accommodate – because Luigi DiPietro, his supervisor, harassed plaintiff for praying. In particular, plaintiff alleges that Luigi did not like the idea of prayer in the workplace, accused

---

[2] The Court has not considered the hearsay summaries generated by Investigator Toni Haley and attached as Exhibits K, L, and M to the Declaration of Counsel Kathleen Phair Barnard. Dkt. # 80-6 at 3-14.

[3] Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It need not "produce evidence showing the absence of a genuine issue of material fact" but instead may discharge its burden under Rule 56 by "pointing out ... that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Id. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:" the opposing party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party." In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (internal citations omitted).

plaintiff of praying on company time rather than on his breaks, was disrespectful of plaintiff's observances, and interfered with plaintiff's ablution practices.  While these activities may help establish plaintiff's claims of harassment and religious discrimination, they do not change the fact that plaintiff was granted the accommodation he requested, that the accommodation allowed him to resolve the scheduling conflict between his employment duties and his religious beliefs, and that he was never disciplined for praying during the workday.

Plaintiff alleges that "the employer discharged, threatened, or otherwise subjected him to an adverse employment action" because Luigi repeatedly threatened to discipline him for praying during the workday despite the accommodation.  The point of the *prima facie* case, however, is to establish a minimum set of facts from which one can reasonably infer that a failure to accommodate occurred, thereby shifting the burden to the employer to show that it offered a reasonable accommodation that was rejected by the employee or that no accommodation was possible without "undue hardship."  See Peterson v. Hewlett-Packard Co., 358 F.3d 599, 606 (9th Cir. 2004).  The word "threatened" in the burden-shifting framework comes into play when the response to a request for accommodation is a threat of adverse employment action.  See Kumar v. Gate Gourmet, Inc., 180 Wn.2d 481, 501-02 (2014) (the third element is satisfied if "the employer responded by subjecting the employee to threatened or actual discriminatory treatment").  Where an employer holds to its original employment policies – *i.e.*, it refuses to accommodate the religious practice under threat of discipline – courts have held that the employee need not force the issue and trigger termination or disciplinary action in order to maintain a claim for failure to accommodate.  See Berry, 447 F.3d at 655 (formally instructing an employee "not to pray with or proselytize to clients" was an implicit threat of adverse action sufficient to satisfy the third element); Equal Emp't Opportunity Comm'n v. Townley Eng'g & Mfg. Co., 859 F.2d 610, 614 n.5 (9th Cir. 1988) ("An employee does not cease to be discriminated against because he temporarily gives up his religious practice and

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
ON ACCOMMODATION CLAIMS                    -3-

submits to the employment policy."). In this case, however, it is undisputed that the employer provided the accommodation plaintiff requested. Plaintiff has not identified, and the Court has not found, any case in which the court inferred that the employer had failed to accommodate an employee's religious practices where it in fact granted the very accommodation requested. Luigi's alleged harassing behavior in contravention of the accommodation may, as discussed above, be evidence in support of plaintiff's other claims, but it does not give rise to an inference that the employer failed to accommodate plaintiff's need for flexibility in his schedule in order to pray.[4]

For all of the foregoing reasons, the Court finds that plaintiff has not raised a reasonable inference that his employer failed to accommodate his religious practices. Defendants' second motion for partial summary judgment (Dkt. # 69) is therefore GRANTED, and plaintiff's Seventh and Sixteenth Causes of Action are therefore DISMISSED.

Dated this 17th day of November, 2014.

*MRS Lasnik*
Robert S. Lasnik
United States District Judge

---

[4] Defendants argue that Luigi's threats of discipline were prompted not by plaintiff's prayer or disagreement with the accommodation his son approved, but by his conviction that plaintiff was taking more than the allotted 45 minutes of break time over the course of the day. Plaintiff is apparently willing to concede that praying on company time could properly subject him to discipline. Whether Luigi was differentiating between break time and company time in this way cannot be determined on the record submitted.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
ON ACCOMMODATION CLAIMS                -4-